Filed 8/16/22 P. v. Nelsen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C094252 |
| Plaintiff and Respondent, | (Super. Ct. No. 18F6428) |
| v. | |
| BRYCE THOMAS NELSEN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Bryce Thomas Nelsen asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) On this court's own motion, we ordered supplemental briefing by the parties on the effect of Senate Bill No. 567 (2021-2022 Reg Sess.) (Stats. 2021, ch. 731) (Senate Bill 567) on defendant's sentence.

Defendant contends that Senate Bill 567, which took effect while his appeal was pending, applies retroactively to his case and requires reversal of his sentence and remand for resentencing. The People agree Senate Bill 567 applies retroactively, but argue the

1

trial court sufficiently complied with the new law in selecting an upper term sentence and, alternatively, any error was harmless.

We agree Senate Bill 567 applies retroactively and conclude the trial court's error in relying on an aggravating circumstance neither found true by the trier of fact nor stipulated to by defendant was harmless. We affirm the judgment accordingly.

FACTS AND HISTORY OF THE PROCEEDINGS

In September 2018, the People charged defendant with a single count of felony vandalism (Pen. Code, § 594, subd. (b)(1))[1] in Shasta County Superior Court case No. 18F6428 (case No. 428). In November 2018, defendant pleaded no contest to the vandalism charge as well as a misdemeanor charge for battery (§ 242) in Shasta County Superior Court case No. 18M6218 (case No. 218). Defendant also admitted violating his probation in four other cases by failing to report to the probation department. In exchange for his plea, the People moved to dismiss "outright" Shasta County Superior Court case No. 18M7031. The trial court subsequently suspended imposition of sentence and placed defendant on three years' formal probation.

On November 20, 2020, the probation department (the Department) filed a petition alleging defendant violated his probation in case No. 428 by committing another act of vandalism (§ 594, subd. (b)(2)(A)), with which he was charged in Shasta County Superior Court case No. 20M7619 (case No. 619).

On March 8, 2021, defendant admitted to violating his probation by committing the other act of vandalism and failing to report to his probation officer. Defendant also pleaded no contest to misdemeanor vandalism in case No. 619. In exchange for defendant's plea, the People agreed to dismiss with a *Harvey*[2] waiver three pending

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    *People v. Harvey* (1979) 25 Cal.3d 754.

misdemeanor cases for charges including indecent exposure, vandalism, and public intoxication. The Department recommended defendant's probation be revoked in case No. 428 and that he be sentenced to the upper term of three years in state prison.

The Department explained their recommendation: "[D]efendant is in custody of the Shasta County Jail and despite this, he continues to be dishonest and blame others for his current situation. He has repeatedly failed to follow any of the directives given to him by his probation officer and continues to victimize the community. The defendant has had multiple opportunities at rehabilitation during the past five years he has been on probation; however, it does not appear the defendant has any desire to obtain sobriety or comply with [the] terms of probation. All resources have been exhausted with the defendant and reinstating probation would prove to be futile as the defendant is clearly not amenable to any form of treatment at this time."

At sentencing, after a lengthy discussion about defendant's custody credits, the trial court sentenced defendant to the upper term of three years in county jail. The court explained its decision for imposing the upper term: "Well, so the recommendation from the probation department, and they did make that recommendation of the three-year term, and they base that on all of the numerous occasions where the Defendant failed to comply with the terms and conditions of probation including—I mean, he's been in lack of compliance mode for practically the entire term. So, no, I'm going to sentence him to the aggravated term of three years." Although defendant's counsel raised defendant's underlying mental health issues as a possible mitigating factor, the trial court did not address that argument. The court awarded defendant 236 days of custody credit, ordered him to pay various fines and fees, affirmed those fines and fees previously ordered, and sentenced defendant to time served on the misdemeanor conviction in case No. 619.

Defendant appeals without a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) On our own motion, we requested supplemental briefing on the effect of Senate Bill 567 on the upper term sentence imposed on defendant.

Defendant contends Senate Bill 567 applies retroactively to require reversal of his sentence and remand for resentencing because the trier of fact did not find any facts to support the aggravating circumstance on which the trial court relied when it selected the upper term sentence. The People argue we should affirm defendant's sentence because the trial court relied on defendant's "criminal history" in imposing the upper term, which the new law permits and, alternatively, because any error was harmless. We conclude the court erred in relying on an aggravating factor neither found true beyond a reasonable doubt nor stipulated to by defendant, but further conclude the error was harmless.

A. *Retroactivity*

Senate Bill 567 (2021-2022 Reg. Sess.) amended section 1170, subdivision (b) so that, among other things, aggravating circumstances now only justify the imposition of an upper term sentence if "the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) The amended statute also adds a third acceptable method of factfinding, permitting courts to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

The People correctly concede the amended version of section 1170, subdivision (b) applies retroactively in this case as an ameliorative change in the law applicable to all

4

nonfinal convictions on appeal. (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

B.  *Aggravating circumstance found*

The People contend the trial court "properly relied" on defendant's "criminal history" in imposing the upper term. We disagree. The trial court was unequivocal in why it was imposing the upper term: defendant's poor performance on probation. (Cal. Rules of Court, rule 4.421(b)(5).) This was error. Defendant did not stipulate to the underlying facts in support of this aggravating factor, neither a jury nor a judge found the underlying facts true beyond a reasonable doubt, and this aggravating factor does not fall within the exception found in amended section 1170, subdivision (b)(3).

The exception found in section 1170, subdivision (b)(3) specifies it was created only for prior convictions: "[T]he court may consider the defendant's *prior convictions* in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3), italics added.) The statute does not codify the much broader exception described in *People v. Towne* (2008) 44 Cal.4th 63, 79-83, which allows judicial consideration of facts related to a defendant's recidivism without violating the Sixth Amendment. (See also *People v. Gallardo* (2017) 4 Cal.5th 120, 124-125.) Thus, resentencing is required unless we find the error was harmless.

C.  *Harmless error*

The law requires a two-step analysis for determining harmless error: (1) whether the court *could* impose the aggravated term under the Sixth Amendment; and (2) whether the court *would* impose the aggravated term under section 1170. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1112 (*Zabelle*).) We review the first question under the standard described in *Chapman v. California* (1967) 386 U.S. 18 [17 L.Ed.2d 705], and the second under the standard described in *People v. Watson* (1956) 46 Cal.2d 818. (*Zabelle, supra*, at pp. 1112-1113.)

Here, the trial court relied on a single aggravating circumstance in imposing the upper term: defendant's poor performance on probation. On this record, we find, "beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true" the single aggravating circumstance "had it been submitted to the jury." (*People v. Sandoval* (2007) 41 Cal.4th 825, 839.) In making this determination, we are mindful that we "cannot necessarily assume that the record reflects all of the evidence that would have been presented had aggravating circumstances been submitted to the jury." (*Ibid.*)

"[A]lthough defendant did have an incentive and opportunity at the sentencing hearing to contest any aggravating circumstances mentioned in the probation report or in the prosecutor's statement in aggravation, that incentive and opportunity were not necessarily the same as they would have been had the aggravating circumstances been tried to a jury," because the standard of proof was lower and because defense counsel may have adopted a different strategy with a jury factfinding than with a judge who is both factfinding and sentencing. (*Ibid.*) And, "to the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." (*Id.* at p. 840.)

Defendant was serving probation in four cases when he committed the criminal acts that underly his current felony conviction, as well as his misdemeanor conviction in case No. 218. He admitted to violating his probation in those matters by failing to report to his probation officer. Defendant was again placed on probation, and he again admitted to violating his probation by failing to report to his probation officer, in addition to committing another act of vandalism.

In short, to the extent that "poor" performance on probation is subjective, defendant's conviction for several offenses while on probation and his repeated failure to

6

report to his probation officer allow us to conclude, with confidence, that a trier of fact would have found his performance on probation to be poor beyond a reasonable doubt.[3]

Thus, while we conclude the court *could* impose the aggravated term based on the single aggravating circumstance, we must also consider whether the court *would* have imposed the aggravated term under *Watson*. (*Zabelle, supra*, 80 Cal.App.5th at p. 1112.) Because defendant's poor performance on probation was the only aggravating factor upon which the trial court relied in imposing the upper term, it is "not reasonably probable that the trial court would have chosen a lesser sentence had it fully complied with section 1170's requirements." (*Zabelle*, at p. 1113.) On this record, it is clear that the court *would* impose the upper term again. We thus conclude the error in relying on an aggravating factor, neither found true by the trier of fact nor stipulated to by defendant, was harmless.

## DISPOSITION

The judgment is affirmed.

                                                    KRAUSE          , J.


We concur:


      ROBIE          , Acting P. J.


      HOCH          , J.

---

[3]     We reach this conclusion based solely on the probation violations and criminal acts to which defendant admitted. We do not consider those listed in the probation report.